UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANTONEO JONTE WILLIAMS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:13-cv-648-TAV-HBG |
| | ) | |
| JIMMY JONES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Antoneo Jonte Williams ("plaintiff"). The matter is before the Court on plaintiff's motions for a temporary restraining order and his motion for a protective order, and the motion to dismiss filed by defendants Jimmy Jones, Capt. Wilshire, Captain Anderson, Sgt. Travis, and Nurse "Jane Doe" Jones based upon, *inter alia*, insufficient service of process. For the following reasons, plaintiff's motions for a temporary restraining order [Docs. 3 and 41] are **DENIED**, his motion for a protective order [Doc. 17] is **GRANTED** to the extent set forth below, and the defendants' motion to dismiss [Doc. 33] is **DENIED WITHOUT PREJUDICE**. In addition, the U.S. Marshals Service is **ORDERED** to personally serve defendants Jimmy Jones, Terry Wilshire, Robert Anderson, Randy Travis, and Deanna Jones, as well as defendants Jerry Harmon, Paul Cooper, Anthony Wallace, Russell Rutherford, Micah Dobbs, and Randall Kidd, with process.

The Court allowed plaintiff to proceed without prepayment of fees or costs, and ordered plaintiff to compete the service packets for the defendants, which he did. The U.S. Marshals Service then issued process by certified mail. Process was returned executed and indicated that Frank Nauss accepted the certified mail on behalf of all defendants. Defendants through counsel then filed two motions for an extension of time within which to file a responsive pleading to the complaint, which were granted.

Defendants Sheriff Jimmy Jones, Capt. Wilshire, Captain Anderson, Sgt. Travis, and Nurse "Jane Doe" Jones now move to dismiss the complaint because they were not properly served. The defendants contend that Frank Nauss, a mail room employee at the Knox County Detention Facility, was not authorized to accept service of process for the defendants. In support of the motion, the defendants have submitted their affidavits.

In their affidavits, each defendant testifies that he or she "never appointed or authorized Frank Nauss or any other person to act as an authorized agent for receiving or accepting service of process." [Doc. 34, Memorandum in Support of Motion to Dismiss, Exhibits 2-6, Affidavits of Jimmy Jones, p. 2; Robert Anderson, p. 2; Terry Wilshire, p. 2; Randy Travis, p. 2; and Deanna Jones, p.2, respectively].

In their answer to the complaint, defendants Harmon, Cooper, Kidd, Rutherford, Wallace, and Dobbs also contend that they were not properly served because Frank Nauss was not authorized to accept service of process for them. These defendants have also submitted their affidavits, in which each testifies that he "never appointed or authorized Frank Nauss or any other person to act as an authorized agent for receiving or accepting

2

service of process." [Doc. 35, Exhibit A, Collective Affidavits of Jerry Harmon, p. 2; Paul Cooper, p. 2; Randall Kidd, p. 2; Russell Rutherford, p. 2; Anthony Wallace, p. 2; Micah Dobbs, p. 2].

An indigent plaintiff proceeding *in forma pauperis* is entitled to service of process by the officers of the Court. 28 U.S.C. § 1915(d). The U.S. Marshals Service is responsible for such service. 28 U.S.C. § 566(c); Fed. R. Civ. P. 4(c)(3).[1] Generally, the Marshals Service serves process by certified mail. However, under the circumstances of this case, it is apparent that service by certified mail is not acceptable. In addition, the Court has discretion to extend the time for service of process for good cause shown. Fed. R. Civ. P. 4(m). Accordingly, the Clerk is **DIRECTED** to issue alias summons for defendants Jimmy Jones, Terry Wilshire, Robert Anderson, Jerry Harmon, Paul Cooper, Randy Travis, Anthony Wallace, Russell Rutherford, Micah Dobbs, Randall Kidd, and Deanna Jones, and the U.S. Marshals Service is **ORDERED** to personally serve copies of the summons and complaint upon the defendants at the Knox County Sheriff's Department, the Knox County Detention Facility, or wherever the defendants may be found. The defendants' motion to dismiss based upon insufficient service is **DENIED WITHOUT PREJUDICE**.

---

[1] In support of their motion, the defendants cite to another case out of this district, *Holmes v. Gonzalez*, 1:09-cv-259, 2010 WL 1408436 (E. D. Tenn. April 2, 2010) (order dismissing case), which was dismissed based upon insufficient service. *Holmes* is not relevant to this case because it involved a *pro se* plaintiff who was not a prisoner, who paid the filing fee and thus was not proceeding in forma pauperis, and who himself was responsible for service of process

3

In his motion for a protective order, plaintiff seeks to preserve as evidence a videotape of the incident that forms the basis of his complaint. The motion is **GRANTED** to the extent defense counsel is **ORDERED** to produce for use at trial the videotape to which plaintiff refers, if such videotape exists.

In his motions for a temporary restraining order, plaintiff asks the Court to order the safekeeping until trial of his person and his legal papers from injury by officials at the Knox County Detention Facility. Plaintiff filed this action during his confinement in the Knox County Detention Facility; he has since been transferred into the custody of the Tennessee Department of Correction and is confined in the Charles Bass Correctional Complex in Nashville, Tennessee. Accordingly, plaintiff's motions for a temporary restraining order in this regard are **DENIED** as **MOOT**. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility).

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE