UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANTONEO JONTE WILLIAMS, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No.: 3:13-cv-648-TAV-HBG ) |
| JIMMY JONES, *et al.*, | ) ) |
| *Defendants*. | ) |

## **MEMORANDUM AND ORDER**

This *pro se* prisoner's civil rights case brought under 42 U.S.C. § 1983 was dismissed without prejudice pursuant to plaintiff's motion for a voluntary dismissal, Fed. R.Civ. P. 41(a), (Doc.74). The case is back before the Court upon plaintiff's motion for relief from judgment under Rule 59(e) of the Federal Rules of Civil Procedure, on the basis that he intended to dismiss only one defendant, namely Sgt. Travis, and not his entire case, (Doc. 75). The Rule 59(e) motion is well-taken.

Relief under Rule 59(e) is available to correct a clear error of law, on the basis of newly discovered evidence or an intervening change in the law, or to prevent manifest injustice. *Ogden v. Fortress Group USA*, 550 F.App'x 283, 284 (6th Cir. 2014); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). The Court finds that, under the circumstances presented by plaintiff, it would be unjust not to grant him relief from the dismissal order. Thus, plaintiff's Rule 59(e) motion will be

**GRANTED** and this action will be restored to the Court's docket, (Doc. 75), so long as plaintiff makes the corrections listed below.

The problem with this motion and with other filings made by plaintiff is that he has not affixed his actual signature to those submissions, but instead has simply signed them "Plaintiff." If a party in a lawsuit is not represented by an attorney, Rule 11(a) of the Federal Rules of Civil Procedure requires that person's signature on every pleading, written motion, or other paper filed in the court. Merely signing a pleading as "Plaintiff" does not comply with Rule 11.

Also, plaintiff has presented for filing several pleadings, motions, and other papers which, for the most part, are composed of practically-illegible, calligraphic-styled handwriting. The Court has expended a great deal of effort to decipher plaintiff's penmanship and has even gone so far as to translate and duplicate the text of those filings. Under the Local Rules, "[a]ll pleadings, motions, and other papers presented for filing shall be . . . plainly typewritten, printed, or prepared by a clearly legible duplication process . . . ." E.D. Tenn. LR 5.11, General Format of Papers Presented for Filing. Plaintiff thus has failed to comply with this rule as well. Therefore, any future motions or other papers plaintiff submits for filing in this case **SHALL** be written in a legible manner, in conformity with the requirements of E.D. Tenn. LR 5.11, or they will be stricken from the record.

Accordingly, the Clerk is **DIRECTED** to photocopy the signature and certificate-of-service pages of ECF document numbers 58-59, 62-62.1, 71 and 75 and to mail those

2

pages to plaintiff.  Unless within twenty (20) days of the date on this order, plaintiff affixes his signature to the appropriate space on each page and returns each of those signed pages to the Court, those documents will be stricken from the record.

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE